2010-39615
FILED
September 28, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002935456

3

Julia P. Gibbs, Bar No. 102072
LAW OFFICES OF JULIA P. GIBBS
1329 Howe Avenue, Suite 205
Sacramento, CA 95825-3363
Telephone: (916) 646-2800
Telecopier: (916) 929-1158
email: judy@gibbslegal.com

Proposed Attorney for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                )
                                     ) Case No. 10-39615-D11
KEVIN EARL RABEY and                 )
DUNG THI LE,                         ) D.C. No. JPG-1
                                     ) (No hearing scheduled)
            Debtors.                 )
_____)

**ORDER GRANTING APPLICATION BY DEBTORS IN POSSESSION
KEVIN EARL RABEY AND DUN THI LE FOR AUTHORITY TO
EMPLOY GENERAL BANKRUPTCY COUNSEL**

An application to employ attorney pursuant to 11 U.S.C. Section 327 has been made and has been reviewed by the undersigned. Based upon the application, the record, and the verified statement required by Bankruptcy Rule 2014(a), it appears that the attorney is eligible to be employed.

**IT IS ORDERED** that Kevin Earl Rabey and Dung Thi Le are authorized to retain **The Law Offices of Julia P. Gibbs**, 1329 Howe Avenue, Suite 205,Sacramento, California 95825-3363 as her

RECEIVED
September 17, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002935456

general bankruptcy counsel, subject to the following reasonable terms and conditions pursuant to 11 U.S.C. Section 328(a):

1. No compensation is permitted except upon court order following application pursuant to 11 U.S.C. Section 330(a).

2. Compensation will be at the "lodestar rate" applicable at the time that services are rendered in accordance with the Ninth Circuit decision in <u>In re Manoa Fin. Co.</u>, 853 F.2d 687 (9th Cir.1988). No hourly rate referred to in application papers is approved unless unambiguously so stated in a subsequent order of this court.

3. All funds received by counsel in connection with this matter, regardless of whether they are denominated a retainer or are said to be nonrefundable, are deemed to be an advance payment of fees and to be property of the estate except to the extent that counsel demonstrates, pursuant to the statement required by 11 U.S.C. Section 329 filed before ten days after issuance of this order, that such funds were received as the reasonable value of actual prepetition services.

4. Funds that are deemed to constitute an advance payment of fees shall be maintained in a trust account maintained in an authorized depository, which account may be either a separate interest-bearing account or an attorney's trust account containing commingled funds. Withdrawals are permitted only

after approval of an application for compensation and after the court issues an order authorizing disbursement of a specific amount.

Dated: September 28, 2010

Robert S. Bardwil, Judge
United States Bankruptcy Court